UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERCIA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE CUTHBERT,<br><br>Defendant. | Case No. 4:18-cr-00297-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Eugene Cuthbert's Motion to Suppress (Dkt. 49). The Court conducted an evidentiary hearing on August 21, 2019, and considered the Affidavit of Paul Sorenson (Dkt. 69) which was submitted jointly by the parties following the hearing. The Court now issues its written decision. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

The Defendant, Eugene Cuthbert, was the subject of an ongoing and long-term investigation into drug trafficking in southeastern Idaho. On August 28, 2017, Mr. Cuthbert was convicted on charges of felony possession of a controlled substance, and was placed on probation for a term of 5 years. One of the

conditions of probation, which the defendant agreed to comply with, required that he "submit to a search of [his] person, residence, vehicle, and/or property at any time by any police officer or probation officer, without a search warrant, to determine whether [he was] in compliance with [his] probation terms and conditions."

While on probation, the government alleges that he continued to traffic in methamphetamine. Without going into detail, the government alleges that law enforcement, utilizing a confidential informant, purchased substantial quantities of methamphetamine from Mr. Cuthbert on several occasions in July and August, 2018. In addition, both of Mr. Cuthbert's co-defendants, George Simmons and Richard Schuyler, sold or were found in possession of large quantities of a variety of controlled substances. They identified Mr. Cuthbert as their source of supply for methamphetamine.

Based upon this information, law enforcement obtained a number of search warrants for Simmons' room at the Thunderbird Motel, two of Mr. Cuthbert's residences in Pocatello, and various vehicles and storage units associated with the defendants. On August 23, 2018, the members of the joint law enforcement task force investigating the defendants met to discuss how the warrants would be executed. During that meeting it was discussed that Mr. Cuthbert was on probation

and had, as a condition of probation, waived any objection to a warrantless search of his belongings, vehicles and residences.

A surveillance team was organized to watch Cuthbert. He was observed leaving his residence and going to a room at the Thunderbird Motel. The Motel was already under surveillance because it was occupied by co-defendant Simmons, but Cuthbert entered a room on the second floor of a building different from the one which contained Simmons' room. Cuthbert and his wife were seen to leave the second floor room, but the officers lost sight of the couple after they reached the bottom of the stairs.

Stacy Fisher was observed walking out of a room in the same building on the first floor. Lieutenant Clint Skinner of the Idaho State Police approached Fisher, and she admitted that Mr. Cuthbert and his wife were in her room. Officer Skinner went to the door of Fisher's room and ordered Cuthbert to come out. After a brief delay, Cuthbert complied and was told that he was being detained while the premises were searched.

After Cuthbert was ordered out of the room, Detective Theo Vanderschaaf contacted Julie Daggerson from State Probation and described what had occurred. Daggerson left Vanderschaaf on the phone and walked over to talk to Cuthbert's probation officer, Paul Sorenson. It is not clear whether Sorenson spoke directly to Vanderschaaf or used Daggerson as an intermediary. In any event, Sorenson

confirmed that Cuthbert was on felony probation, and authorized them to search Cuthbert and his belongings.

The officers took Fischer into the room and asked her to identify any items not belonging to her. She pointed out a purse, a black bag and a blue bag that were not hers and indicated that she wanted them out of her room. Officer Skinner then took the bags out and placed them on the sidewalk outside the room. The Officers then asked Mr. Cuthbert if the bags belonged to him, and he denied ownership of the bags. The bags were subsequently searched. Methamphetamine and marijuana were found in the black bag and eight bags of methamphetamine were found in the blue suitcase.

## ANALYSIS

Mr. Cuthbert has moved to suppress the evidence seized in the black bag and blue suitcase during the search conducted on August 23, 2018, along with any additional evidence obtained from any search warrants which relied in whole or in part upon the evidence found in those bags. For the reasons described below, the motion will be denied.

**1. The Defendant Abandoned the Suitcase and Bag by Denying Ownership and Therefore Lacks Standing to Assert a Fourth Amendment Challenge to Their Seizure.**

Persons who voluntarily abandon property lack standing to complain of its search or seizure. *United States v. Jackson*, 544 F.2d 407, 409 (9th Cir. 1976). Abandonment is

primarily a question of intent.  *Id.*  Abandonment in the 4th Amendment context is not tied to the formality of property law, but turns on "whether the person so relinquished his interest in the property that he no longer retained a reasonable expectation of privacy in it at the time of the search." *Id.*

It is well established that a defendant who makes statements to law enforcement expressly disclaiming ownership of property, has no reasonable expectation of privacy in the property, and no standing to object to its search.  *United States v. Veatch,* 674 F.2d 1217, 1221 (9th Cir. 1981); *Accord, Jackson*, 544 F.2d at 409.  That principle is dispositive here.  Cuthbert denied ownership of the suitcase and bag removed from Fisher's room, and therefore lacks standing to challenge the Government's search of those items.

## 2.     Even if the Defendant had Claimed Ownership of the Suitcase and Bag, the Search was Valid Under the Probation Search Exception to the Warrant Requirement.

A defendant under supervision as a probationer or parolee has a lower expectation of privacy than is enjoyed by a citizen who is not subject to a criminal sanction. *United States v. King***,** 736 F.3d 805, 808 (9th Cir. 2013). Therefore, in assessing the reasonableness of a probation search, a court must examine the "totality of the circumstances" by balancing "on the one hand, the degree to which the search intrudes upon [the] Defendant's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Id.* at 808.

In determining the reasonableness of the search of an individual under supervision,

the Court may consider a number of factors, including:

1. The level of suspicion held by the officers prior to searching. *See Knights*, 534 U.S. at 121.

2. The nature of the underlying conviction and the probationer's criminal history. *See United States v. Aviles*, 2017 WL 107982, at *5–6 (N.D. Cal. Jan 11, 2017).

3. The nature of the search conducted. *See United States v. Lara*, 815 F.3d 605, 611–12 (9th Cir. 2016).

4. Whether the search conducted was clearly within the scope of the search condition. *Id*. at 610–11.

Here, the evidence is clear that (1) the Defendant had waived his 4th Amendment rights as a condition of his probation, (2) his probation officer expressly authorized the search, (3) the search fell squarely within the scope of the search condition, and (4) the officers clearly had reasonable suspicion to believe that the bags, if they belong to the Defendant, would contain evidence of his drug trafficking. Therefore, even if Mr. Cuthbert did not abandon the bags in question, the warrantless search of the two bags was reasonable under the Fourth Amendment under the conditions of his probation.

# ORDER

**IT IS ORDERED that** Defendant's Motion to Suppress (Dkt. 49) is **DENIED.**



DATED: August 26, 2019

_____
B. Lynn Winmill
U.S. District Court Judge