UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE CLEMENT CUTHBERT, | Case No. 4:21-cv-00348-BLW |
| Defendant-Movant, | 4:18-cr-00297-BLW |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff-Respondent. | |

Before the Court is Eugene Clement Cuthbert's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 136 in Crim. Case No. 4:18-cr-00297-BLW and Dkt. 1 in Civ. Case No. 4:21-cv-00348-BLW). The Court has reviewed the record and the submissions of the parties. For the reasons set forth below, the Court dismisses the § 2255 Motion.

## BACKGROUND

On September 25, 2018, an Indictment was filed against Cuthbert and two other individuals. Cuthbert was charged with conspiracy to distribute methamphetamine (Count One); possession with intent to distribute fifty (50)

grams of methamphetamine on or about July 3, 2018, and July 9, 2018 (Counts

Two and Three, respectively); and possession with intent to distribute five hundred

(500) grams of methamphetamine on or about August 23, 2018 (Count Four). On

December 18, 2018, the Government filed a Notice of Sentencing Enhancement

increasing the mandatory minimum to twenty (20) years on Counts One and Four

and to ten (10) years on Counts Two and Three based on a prior state court felony

drug offense conviction. Crim. Dkt. 30.

On May 17, 2019, Cuthbert filed a Motion to Suppress evidence seized from

a suitcase and backpack and any additional evidence resulting from search

warrants obtained as "fruit of the poisonous tree." Crim. Dkt. 49. On August 26,

2019, the Court denied the Motion. Crim. Dkt. 71.

On September 17, 2019, Cuthbert entered a plea before this Court to Count

Four of the Indictment in exchange for the Government's dismissal of the

remaining counts, withdrawal of the Notice of Sentencing Enhancement, and an

agreement to recommend a concurrent sentence at the low end of the guideline

range. Crim. Dkts. 74, 86.

Defense counsel subsequently filed numerous objections to the initial

Presentence Report that he later withdrew or were deemed moot. On December 11,

2019, the Court imposed a sentence of 262 months of imprisonment to run partially

concurrent and partially consecutive to his sentence in two state court cases, and to be followed by five years of supervised release. *Judgment*, Crim. Dkt. 111.

Cuthbert and counsel each subsequently filed a Notice of Appeal. Crim. Dkts. 114 and 115. Ultimately, new counsel was appointed for the appeal and filed an *Anders* brief stating there were no grounds for relief. After Cuthbert did not avail himself of the opportunity to file a pro se supplemental brief, the Ninth Circuit dismissed the appeal based on a valid appeal waiver. *USCA Mem.*, Crim. Dkt. 134.

On August 26, 2021, Cuthbert timely filed the pending § 2255 Motion alleging (1) ineffective assistance of counsel for withdrawing objections to the Presentence Report, (2) ineffective assistance of counsel for failing to appeal the denial of his Motion to Suppress, (3) that his conviction was obtained by violation of the privilege against self-incrimination, (4) that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, and (5) that his conviction was obtained by use of evidence pursuant to unlawful arrest.

## STANDARD OF LAW

### 1.  28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or

laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an

**MEMORANDUM DECISION AND ORDER - 4**

evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## 2.  Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

More particularly with respect to the performance prong, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686-87. There

is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689. This is so because "[it] is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act of omission of counsel was unreasonable." *Id.*

The *Strickland* standard is "highly demanding" and requires consideration of counsel's "overall performance throughout the case," *Kimmelman v. Morrison*, 477 U.S. 365, 382; 386 (1986), and "the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695.

Finally, in evaluating an ineffective assistance of counsel claim, the court may consider the performance and prejudice components of the S*trickland* test in either order. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## DISCUSSION

In its Response, the Government argues that Cuthbert has demonstrated neither deficient performance nor prejudice in connection with the ineffective assistance of counsel claims, and that his remaining claims are dismissible based on a valid appeal waiver. *Response*, Civ. Dkt. 7. Cuthbert has not replied.

## 1. Ineffective Assistance of Counsel Claims

As stated above, Cuthbert alleges that defense counsel was ineffective to withdrawing objections to the Presentence Report and for failing to appeal the denial of his Motion to Suppress. The Court will address each of these claims in turn.

### (a) Withdrawal of Objections to Presentence Report

The record reflects that defense counsel filed numerous objections to the Initial Presentence Report. Crim. Dkt. 96. Cuthbert alleges that defense counsel withdrew objections to the criminal history category computation, to the weight and purity of the methamphetamine, to the firearm enhancement, to the length of the sentence (presumably referring to the guideline range), and to the fully concurrent sentence (presumably referring to the recommendation for a partially concurrent and partially consecutive sentence).

In his Affidavit submitted with the Government's Response, counsel stresses that his memory has faded somewhat given the passage of time but indicates Cuthbert was initially hesitant about entering the Plea Agreement. Dkt. 7-1. He encouraged Cuthbert to accept it given the Government's promise to dismiss three of the four Counts against him and counsel's belief that it would protect Cuthbert from increased drug weight for relevant conduct and from a firearm enhancement.

*Id*. at 3. The Court notes that the Government also agreed to withdraw the Notice of Sentencing Enhancement.

Counsel recalls being subsequently advised that the Government would object to a reduction for acceptance of responsibility and possibly refuse to recommend a concurrent sentence if the Cuthbert did not withdraw his objections. *Id*. at 4. Counsel felt it was in Cuthbert's best interests to withdraw the objections, and Cuthbert, although upset, appeared to acquiesce to the withdrawal. *Id.*

Defense counsel withdrew the objections as noted in the Sentencing Memorandum and stated that Cuthbert accepted responsibility. Crim. Dkt. 103. Nevertheless, the Court went through the various objections at the beginning of the sentencing hearing. *Sent. Tr*. at 3-10, Crim. Dkt. 125. Many of the objections were or would have been either overruled or moot, and counsel and Cuthbert conceded others. *Id*. The Government followed through with the terms of the Plea Agreement, withdrew the Notice of Sentencing Enhancement, and recommended a reduction for acceptance of responsibility and a concurrent sentence with his then pending state court sentences. *Id*. at 13.

Counsel exercised reasonable judgment in advising Cuthbert to withdraw the objections. However, whether counsel had withdrawn the objections or not, the result would have been the same – a total offense level of 39, a criminal history category of V, and a guideline range of 360 months to life. The Court ultimately

sentenced Cuthbert to a term of imprisonment of 262 months after granting a variance for the disparity created by drug testing. *See Policy Disagreement Mem.*, Crim. Dkt. 110.

Cuthbert can demonstrate neither deficient performance nor prejudice.

### (b)   Failure to Appeal

Cuthbert appears to be alleging that counsel failed to appeal the denial of his Motion to Suppress. After both counsel and Cuthbert filed a Notice of Appeal, the Court appointed new counsel to represent Cuthbert on appeal. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no grounds for relief. *USCA Mem.*, Crim. Dkt. 134. The Ninth Circuit gave Cuthbert the opportunity to file a pro se supplemental brief. *Id*. He did not do so. The Ninth Circuit then conducted an independent review of the record and dismissed the appeal based on a valid appeal waiver. *Id*.

Cuthbert has failed to demonstrate deficient performance or prejudice.

### 2.   Remaining Allegations

As stated above, Cuthbert also alleged that his conviction was obtained by a violation of the privilege against self-incrimination, that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, and his conviction was obtained by use of evidence obtained pursuant to

an unlawful arrest. The Government contends that these claims are waived

pursuant to a valid waiver in his Plea Agreement.

A defendant may waive his statutory right to file a ' 2255 motion challenging

his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*,

508 U.S. 979 (1993). However, a plea agreement must expressly state that the right

to bring a ' 2255 motion is waived in order for the waiver to be valid. *United States*

*v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that

Ahe will not appeal whatever sentence is imposed by the court@ did not constitute

a waiver of the right to bring a ' 2255 motion). The scope of such a waiver is

demonstrated by the express language of the plea agreement. *Id*. Waivers are

enforceable where "the language of the waiver covers the grounds raised. . . ."

*United States v. Bibler*, 495 F.3d 621, 623-34 (9th Cir. 2007). Nevertheless, even

an express waiver may not bar an ineffective assistance of counsel claim

challenging the knowing and voluntary nature of the plea agreement or the

voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156

n.4 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo*

*Castillo*, 496 F.3d 947, 957 (9th Cir. 2007)).

Here, Cuthbert has not alleged that his plea was unknowing or involuntary.

Indeed, the plea hearing transcript reveals that he entered it with full awareness and

understanding of the terms of the Plea Agreement. *See generally Plea Tr.* Crim.
Dkt. 126. He had not taken any drugs, medicine, or pills or consumed any alcohol
(*Id.* at 3); he had adequate time to discuss his case with his attorney and was
satisfied with his representation (*Id*. at 4 ("He has done a good job.")); he
discussed the guidelines with his attorney (*Id.*); he understood how the sentencing
guidelines work (*Id*. at 4-6); he agreed with the Government's summary of what it
would prove except for a dispute about certain money taken from his residence (*Id*.
at 12-13); he was not threatened or forced to plead guilty (*Id*. at 15); and he read
and went over with his attorney every provision of the Plea Agreement and
understood them. (*Id*. at 15-16). Finally, he understood the waiver provision
regarding his appellate and habeas corpus relief rights. *Id*. at 16.

The Plea Agreement provided that Cuthbert "waive[d] any right to appeal or
collaterally attack the entry of plea, the conviction, the entry of judgment, and the
sentence" except for, as relevant here, a § 2255 motion alleging ineffective
assistance of counsel. *Id*. at 10-11. The language of the waiver specifically
precludes § 2255 motions except for ineffective assistance of counsel claims.

The record reflects that Cuthbert knowingly and voluntarily entered his plea
pursuant to a Plea Agreement that included a specific waiver limiting his right to
file a § 2255 motion. Accordingly, the claims not alleging ineffective assistance of
counsel are subject to dismissal.

## CONCLUSION

Cuthbert's claims of ineffective assistance of counsel are dismissed for failure to meet the *Strickland* standard. His other claims are dismissed as waived.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Cuthbert's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.  Eugene Clement Cuthbert's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 136

in Case No. 4:18-cr-00297-BLW and Civ. Dkt. 1 in Civ. Case

No. 4:21-cv-00348-BLW) is **DISMISSED**.

2.      No Certificate of Appealability shall issue. If Cuthbert wishes

to proceed to the United States Court of Appeals for the Ninth

Circuit, he must file a notice of appeal in this Court within

thirty days after entry of this Order, and he must seek a

Certificate of Appealability from the United States Court of

Appeals for the Ninth Circuit in accordance with Federal Rule

of Appellate Procedure 22(b)(2).

3.      If Cuthbert files a timely notice of appeal, and not until such

time, the Clerk of Court shall forward a copy of the notice of

appeal, together with this Order, to the Ninth Circuit Court of

Appeals.

DATED: March 27, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 14**